1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    WILLIAM E. HAMMONS,                    Case No.  15-cv-04897-RS

           Plaintiff,

8
     v.                                     **ORDER GRANTING MOTION TO**
9                                           **DISMISS FIRST AMENDED**
     WELLS FARGO BANK, N.A., et al.,        **COMPLAINT WITH LEAVE TO**
10                                          **AMEND**
           Defendants.
11

12

13                            **I. INTRODUCTION**

14        In this action—the follow-up to plaintiff's first shot at stating a claim—borrowers William

15   E. Hammons and Gwendolyn M. Bridges raise a host of state law violations stemming from the

16   foreclosure sale of their home.  Plaintiffs submit the parties who executed the foreclosure—

17   defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West, LLC ("NDeX")—lacked

18   standing to enforce the power of sale clause contained in the deed of trust.  Plaintiffs' insist their

19   mortgage was improperly securitized, thereby rupturing the chain of title so that Wells Fargo was

20   not the true beneficiary of the loan with the power to initiate foreclosure.  Wells Fargo responds its

21   authority to foreclose came from a merger with the original beneficiary, and moves to dismiss

22   plaintiffs' claims with prejudice for the second time in this case.

23        For the reasons explained below, defendants' motion to dismiss will be granted in its

24   entirety, but with leave to amend.  At bottom, plaintiffs offer nothing more than a bare allegation

25   that Wells Fargo lacked authority to foreclose, and do so in the face of contrary evidence that

26   appears plainly to belie their assertion.  Any amended complaint must include factual allegations

27   sufficient to support the reasonable inference that Wells Fargo did not acquire plaintiffs' loan

28   through its merger with World Savings.  Pursuant to Civil Local Rule 7-1(b), the motion is

United States District Court
Northern District of California

suitable for disposition without oral argument, and the March 17, 2016, hearing accordingly will be vacated.

## II. FACTUAL BACKGROUND[1]

On or around October 6, 2006, Plaintiff William E. Hammons, along with Gwendolyn M. Bridges, entered into a "Pick-A-Payment" ("PAP") loan agreement with World Savings Bank, FSB ("World Savings"). The loan was memorialized in a promissory note, secured by a deed of trust, and afforded the borrowers $420,000 for a property located in Oakland, California. About one year later, World Savings changed its name to Wachovia Mortgage, FSB, and two years after that, Wachovia was acquired by Wells Fargo.[2]

In mid-2009, around the time of that acquisition, Hammons began having trouble making his loan payments. That led defendant NDeX—the substitute trustee appointed by Wells Fargo[3]—to record a notice of default. Hammons apparently was unable to cure the delinquent amount on

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss. Additionally, Wells Fargo requests notice be taken of the same ten documents that were noticed in the prior order, so the request will be denied as redundant. *See* Dkt. No. 12 at 3:17–26. Given notice already has been taken of these documents, plaintiffs' objection is overruled. *See* Dkt. No. 22. Lastly, the seven documents Hammons attached to the FAC were also attached to the original complaint, and properly may be considered for purposes of assessing the motion to dismiss. *See Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (exhibits attached to the complaint); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (documents incorporated by reference into the complaint).

[2] Wachovia Mortgage, FSB was converted to Wells Fargo Bank Southwest, N.A., which then became a division of Wells Fargo Bank, N.A. *See* Request for Judicial Notice ("RJN") Exs. A–E. Hammons does not dispute Wells Fargo is the successor-in-interest of World Savings. *See, e.g.*, Compl. ¶ 12 (referring to Wells Fargo as "successor-by-merger" to World Savings, FSB).

[3] The trustee that appears on the deed of trust is Golden West Savings Association Service Company ("Golden West Savings"). Golden West Financial Corporation—the parent company of Golden West Savings and World Savings Bank, FSB—merged with Wachovia Corporation in 2006. Two years later, Wells Fargo acquired both Wachovia Corporation and its subsidiary Wachovia Mortgage, presumably making Wells Fargo the beneficiary under the deed of trust. Wells Fargo then recorded a "Substitution of Trustee" on June 15, 2010, installing NDeX West, LLC. The substitution of trustee names the present beneficiary: "Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Southwest, N.A. F/K/A Wachovia Mortgage FSB F/K/A World Savings Bank, FSB." *See* Compl. Ex. E. This arrangement follows from the original deed of trust, where the beneficiary was identified as "World Savings Bank, FSB, *its successors* and/or assignees." Compl. Ex. A (emphasis added).

United States District Court
Northern District of California

1    his loan, so on October 13, 2014, Wells Fargo recorded a notice of sale.  The property sold at a

2    public auction on July 6, 2015.

3           Two months thereafter, Hammons commenced this action in the Superior Court for

4    Alameda County.  Hammons maintains Wells Fargo lacked the authority to proceed with

5    foreclosure of his home because Wells Fargo was not, and never has been, the present beneficiary

6    of his loan.  Specifically, Hammons avers a "forensic mortgage securitization auditor," Compl. ¶

7    72, found that on November 27, 2006, World Savings sold his loan into the "WSR 26 Trust,"

8    making the Bank of New York Mellon the "true, albeit unassigned and undocumented

9    beneficiary,"[4] Compl. ¶ 59.  Hammons contends the loan was "then paid off in full by a credit

10   default swap," Compl. ¶ 12, a puzzling allegation given Hammons' concession he "was not

11   notified by [any relevant financial institution] that his loan had been paid in full."[5] Compl. ¶ 13.

12   The upshot of these events, as best as can be deciphered from Hammons' complaint, is that the

13   loan did not belong to World Savings when the corporation was acquired by Wells Fargo.  Thus,

14   Hammons contends Wells Fargo lacked authority to record the "Substitution of Trustee," the

15   notice of default, and the four notices electing to proceed with a trustee's sale.

16          All told, Hammons insists "[i]t is not possible that the mortgage lender and Wall Street

17   investors simultaneously own the same mortgage," *id.* ¶ 50, and avers he has never seen evidence

18   that his loan was ever transferred from World Savings.  He raises a host of complaints arising out

19   of the alleged illegality of the foreclosure proceedings, including claims for: (1) wrongful

20   foreclosure; (2) quiet title; (3) slander of title; (4) fraud; (5) cancellation of instruments; (6)

21   violation of Cal. Civ. Code § 2934(a)(1)(A); (7) violation of Cal. Civ. Code § 2923.5; (8) violation

22   of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (9)

23   unjust enrichment.  Hammons seeks permanently to enjoin the defendants from pursuing

24

25   _____

26   [4] The FAC repeatedly contradicts this conjecture, as explained below.

27   [5] Hammons later concedes that "[he] (and his co-borrower) still owe the payments to the true party
     with standing to collect them." Compl. ¶ 83.

28

1  foreclosure activity, and also requests, among other things, various damages.

2      Defendants removed this case to federal court on October 23, 2015.  Roughly two months

3  later, this Court granted defendants' motion to dismiss with leave to amend.  On January 19, 2016,

4  Hammons and Bridges elected to file a First Amended Complaint ("FAC").  Defendants moved to

5  dismiss the FAC with prejudice two weeks later.

6                          **III. LEGAL STANDARD**

7      A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations are not

9  required," a complaint must have sufficient factual allegations to "state a claim to relief that is

10  plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v.*

11  *Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual

12  content allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged."  *Id.*  This standard asks for "more than a sheer possibility that a defendant

14  acted unlawfully."  *Id.*  The determination is a context-specific task requiring the court "to draw on

15  its judicial experience and common sense."  *Id.* at 679.

16      Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n

17  allegations of fraud or mistake, a party must state with particularity the circumstances constituting

18  fraud or mistake."  To satisfy the rule, a plaintiff must allege the "who, what, where, when, and

19  how" of the charged misconduct.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  In other

20  words, "the circumstances constituting the alleged fraud must be specific enough to give

21  defendants notice of the particular misconduct so that they can defend against the charge and not

22  just deny that they have done anything wrong."  *Vess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d 1097,

23  1106 (9th Cir. 2003).

24      A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil

25  Procedure tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of*

26  *Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may

27  be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts

28

United States District Court
Northern District of California

CASE NO. 15-cv-04897-RS

4

1  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

2  (9th Cir. 1990).  When evaluating such a motion, the court must accept all material allegations in

3  the complaint as true, even if doubtful, and construe them in the light most favorable to the non-

4  moving party.  *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted

5  inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."

6  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at

7  555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory

8  statements," are not taken as true).

9  ## IV. DISCUSSION

10      As explained in the December 18, 2015, order ("prior order"), all nine of plaintiffs' claims

11  are born of the allegation that a defect in securitization ruptured the chain of title such that Wells

12  Fargo was not the true beneficiary of Hammons' loan and had no authority to enforce the power of

13  sale clause in the deed of trust.  This theory was found wanting on multiple bases in the prior

14  order, among them that borrowers lack standing to challenge the improper securitization of their

15  loans. *See* Dkt. No. 12 at 8–10.

16      Since the prior order came out, the Supreme Court of California issued its decision in

17  *Yvanova v. New Century Mortgage Corporation*, No. S218973, 2016 WL 639526 (Cal. Feb. 18,

18  2016).  The court found "a borrower who has suffered a nonjudicial foreclosure does not lack

19  standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he

20  or she was in default on the loan and was not a party to the challenged assignment." *Id.* at *1.

21  Plaintiffs now seek to use *Yvanova* as a life raft to salvage their theory of the case.  Alas, the

22  California Supreme Court's narrow holding in that action ultimately offers them no help.

23      *Yvanova* grappled with the narrow circumstance of an allegedly void *assignment*. *See, e.g.*,

24  *id.* at *5 ("The question is whether and when a wrongful foreclosure plaintiff may challenge the

25  authority of one who claims it by assignment.").  It found "[i]f a purported assignment necessary

26  to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no

27  legal force or effect whatsoever, the foreclosing entity has acted without legal authority by

28

United States District Court
Northern District of California

1    pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure." *Id.* at

2    *9 (citations omitted).

3           Here, the FAC does not allege Wells Fargo obtained its interest through an allegedly void

4    assignment, so the opinion penned in *Yvanova* is inapplicable to the instant case.  Plaintiffs

5    specifically concede a review of the official records "does not show any assignment of Plaintiff's

6    Deed of Trust (DOT) from [the] original lender"—World Savings—to "any entity for that matter."

7    Compl. ¶ 8.  Plaintiffs submit instead their loan was sold into the "WSR 26 Trust," and then

8    surmise, without authority, that because there never was an assignment, the "DOT became a

9    nullity." Compl. ¶ 9.  Juxtaposed with this theory, Wells Fargo asserts its authority to foreclose

10   came through a *merger* with the original beneficiary listed on plaintiffs' deed of trust.  *See* RJN

11   Ex. A–E.  Far from quarreling with this proposition, plaintiffs plainly admit Wells Fargo is the

12   "successor-by-merger" to World Savings.  In any event, the point is that the FAC alleges there has

13   been no assignment, and thus *Yvanova* is simply off point.

14          The next issue is the plausibility of the allegations contained in plaintiffs' complaint. *Iqbal*,

15   556 U.S. at 678.  On one hand, the judicially-noticeable documents demonstrate Wells Fargo is the

16   successor-in-interest to the original beneficiary, and the DOT bestows the authority to foreclose

17   upon the beneficiary "*its successors* and/or assignees." FAC Ex. A (emphasis added).  What is

18   more, plaintiffs concede the DOT has not been assigned, admit they have "made mortgage

19   payments to Wells Fargo," Compl. ¶ 118, and though they decry the absence of evidence showing

20   the loan was transferred from World Savings, the surviving entity in a merger succeeds to the

21   rights, property, debts, and liabilities "without other transfer."  Cal. Corp. Code § 1107(a).  The

22   evidence thus indicates Wells Fargo obtained authority to foreclose through its merger with World

23   Savings, and that all nine of plaintiffs' claims arising out of the foreclosure accordingly must fail.[6]

24

25   _____

26   [6] Plaintiffs' claims for wrongful foreclosure, quiet title, slander of title, fraud, cancellation of
     instruments, violation of Civil Code § 2934a(a)(1)(A), violation of Civil Code § 2923.5, unfair
27   competition, and unjust enrichment all depend on the critical allegation that Wells Fargo lacked
     authority to foreclose.

28

United States District Court
Northern District of California

On the other hand, plaintiffs aver their "forensic mortgage securitization auditor," Compl. ¶ 72, found their loan was sold before the relevant merger, *id.* at ¶ 31, and offer conflicting statements as to the identity of the present beneficiary of the deed of trust. Much of the time, plaintiffs state the present beneficiary is "unknown." *See, e.g.*, Compl. ¶¶ 9, 14(a). At other times, plaintiffs state the Bank of New York Mellon, "as Trustee for the WSR 26 Trust," is "the true, albeit unassigned and undocumented beneficiary." Compl. ¶ 59. At still other times, plaintiffs apparently concede that Wells Fargo is the present beneficiary. *See* Opp'n at 6:23 ("[T]he original beneficiary remains the beneficiary to the mortgage."); *id.* at 6:20–22 (stating "Plaintiff's loan was never lawfully or validly transferred to the securitized trust"); Compl. ¶ 14(a) (observing the Notice of Default "suggests, but does not particularly state" that "Wells Fargo is, in fact, the present beneficiary"). Finally, plaintiffs suggest their loan may have been "repurchase[d]" by World Savings or "remove[d]" from the WSR 26 Trust, Compl. ¶ 10, assuming, for the moment, it actually was sold to that trust in the first place.

Adding it up, plaintiffs offer the essentially bare allegation that Wells Fargo lacked authority to foreclose, and do so in the face of contrary evidence that appears plainly to belie their assertion. As such, the FAC does not contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiffs, however, will have one final opportunity to amend the FAC, provided they can do so in good faith. Any amended complaint must include factual allegations sufficient to support the reasonable inference that Wells Fargo did not acquire plaintiffs' loan through its merger with World Savings. The Rule 12(b)(6) standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* Thus, any amended complaint ideally would be supported with accompanying documentation, given notice already has been taken of evidence contrary to plaintiffs' claims.[7]

---

[7] Plaintiffs' opposition brief also repeats verbatim the argument that removal was improper. The prior order resolved this issue, so it will not be revisited here. *See* Dkt. No. 12 at 5:3–21.

**V. CONCLUSION**

Wells Fargo's motion to dismiss will be granted it its entirety with leave to amend.  Any amended complaint must include factual allegations sufficient to support the reasonable inference that Wells Fargo did not acquire plaintiffs' loan through its merger with World Savings.  Any new claims should be presented as clearly and concisely as possible.  Should plaintiffs elect to amend their pleading, they must lodge an amended complaint within thirty (30) days from the date of this order.  Finally, should plaintiffs once again fail timely to respond to a motion to dismiss, this case will be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: March 4, 2016

RICHARD SEEBORG
United States District Judge